IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| ROBERT LOUIS BROWN,<br><br>        Plaintiff,<br><br>vs.<br><br>GARY HERBERT, State of Utah Governor; SPENCER COX, State of Utah Lieutenant Governor; UTAH REPUBLICAN PARTY; ROB ANDERSON, Utah Republican Party Chairman<br><br>        Defendants. | **ORDER DENYING MOTION FOR SERVICE OF PROCESS (ECF NO. 7)**<br><br>Case No. 2:17-cv-00948-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Pro se Plaintiff Robert Louis Brown moves the Court to serve process on Defendants Gary Herbert, Governor of Utah, Spencer Cox, Lieutenant Governor of Utah, the Utah Republican Party, and Rob Anderson, Chairman of the Utah Republican Party.[1] (Mot. for Service of Process, ECF No. 7). For the reasons addressed below, the Court DENIES Mr. Brown's Motion.

## **FACTUAL BACKGROUND**

Mr. Brown initiated this action against Governor Herbert and Lieutenant Governor Cox on August 22, 2017. (Compl., ECF No. 1.) On September 18, 2017, Mr. Brown filed the summons and proof of service as to Governor Herbert, which purported to

---

[1] The captions of some of Mr. Brown's filings, including his original Complaint, appear to indicate that he is also naming the State of Utah as a Defendant. (See, e.g., Compl. at 1, ECF No. 1; Am. Compl. at 1, ECF No. 6). However, no facts are pled relating to the State of Utah. (See id.) Moreover, the Civil Cover Sheet that Mr. Brown filed with his original Complaint identifies Governor Herbert and Lieutenant Governor Cox as the only Defendants. (Civil Cover Sheet, ECF No. 1-1.)

show that Governor Herbert had been served with the summons and complaint in this matter on September 8, 2017. (ECF No. 2.) No other activity occurred in this case until January 11, 2018 when the Court, given the lack of activity, issued an order to show cause why the case should not be dismissed for failure to prosecute. (ECF No. 3.) The order to show cause warned Mr. Brown that a failure to respond by February 1, 2018 would result in a recommendation that the case be dismissed. (Id.) Mr. Brown responded to the order to show cause on January 23, 2018, asking the Court not to dismiss his case. (ECF No. 4.) In response to Mr. Brown's filing, on January 25, 2018, the Court issued an Order Regarding Service of Process, indicating that upon its review of the filings in this case, neither Governor Herbert nor Lieutenant Governor Cox appeared to have been properly served with the summons and complaint. (ECF No. 5.) The Court's Order provided that Mr. Brown would have until February 28, 2018 to effectuate service of the summonses and complaint on Defendants Governor Herbert and Lieutenant Governor Cox in compliance with Federal Rule of Civil Procedure 4, and file proof of such service with the Court. (Id. at 3.) The Court warned Mr. Brown that if he failed to properly serve Governor Herbert and Lieutenant Governor Cox in compliance with Federal Rule of Civil Procedure 4, and file proof of such service by February 28, 2018, the Court would recommend that this case be dismissed for failure to serve and/or failure to prosecute. (Id.)

On February 6, 2018, Mr. Brown filed an Amended Complaint adding the Utah Republican Party and Rob Anderson, Chairman of the Utah Republican Party, as Defendants, (Am. Compl., ECF No. 6), and also moved the Court to "serve the Complaint, Summons on the Defendants." (Mot. for Service of Process, ECF No. 7.)

## DISCUSSION

Generally, a plaintiff is responsible for serving the defendant with both a summons and complaint within the time permitted under Rule 4 of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 4(c)(1) ("The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service."). However, "[a]t the plaintiff's request the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis . . ." Fed. R. Civ. P. 4(c)(3).

Mr. Brown is not proceeding in forma pauperis so the request to order service is within the Court's discretion. See Fed. R. Civ. P. 4(c) Adv. Comm. Notes to 1993 Amendments ("The court also retains discretion to appoint a process server on motion of a party."); see also Zarro v. Spitzer, No. 106-CV-1166 GLS/DRH, 2008 WL 4399442, at *1 (N.D.N.Y. Sept. 23, 2008) ("[W]here a plaintiff is not proceeding [in forma pauperis] . . . the decision whether to grant such a request for a court appointed process server is discretionary."); Weidman v. Blackstone Grp., No. 1:14-CV-3785-RWS-LTW, 2015 WL 1097385, at *5 (N.D. Ga. Mar. 11, 2015) (stating that "[i]t is within the Court's discretion to order service of process" pursuant to Fed. R. Civ. P. 4(c)). In guiding courts in the exercise of this discretion, the Advisory Committee Notes to Rule 4 indicate that a court should order service "[i]f a law enforcement presence appears to be necessary or advisable to keep the peace," and in actions brought by the United States. Fed. R. Civ. P. 4(c) Adv. Comm. Notes to 1993 Amendments. Some courts also consider whether "the plaintiff is unable to resort to private service or other reasonable methods of

effecting service privately have been exhausted." Matthews v. Int'l House of Pancakes, Inc., No. CV 08-3595, 2008 WL 11354946, at *1 (E.D. La. Nov. 10, 2008); see also Zarro v. Spitzer, No. 106-CV-1166 GLS/DRH, 2008 WL 4399442, at *2 (N.D.N.Y. Sept. 23, 2008) ("A court appointed process server may also be appropriate where the plaintiff is unable to resort to private options for the effectuation of service.")

Based on the record before the Court, no apparent circumstances exist in this case which warrant an order requiring a United States marshal or deputy marshal, or other court-appointed person, to serve the summons and complaint on the Defendants. First, the case does not meet any of the circumstances set forth in the Advisory Committee Notes which would suggest such an order is necessary—law enforcement presence is not needed to safely effectuate service, and the case is obviously not brought by the United States. Second, Mr. Brown has not shown that he has exhausted all reasonable private methods available to effectuate service. Mr. Brown attempted to mail the original summons and complaint to Governor Herbert and Lieutenant Governor Cox, but as noted in the Court's January 25, 2018 Order (ECF No. 5), this attempted service failed to comply with the applicable rules for service. There is no indication from the record that Mr. Brown attempted to effectuate service on Governor Herbert and Lieutenant Governor Cox again, or that he has made any attempt whatsoever to effectuate service on the Utah Republican Party and Mr. Anderson. Third, Mr. Brown fails to provide proof showing that he is unable to privately effectuate service. See, e.g., Ovalle v. Fresno Bee Newspapers, No. CV08-6751 PSG (SHX), 2009 WL 398094, at *1 (C.D. Cal. Feb. 13, 2009) (denying pro se plaintiff's motion to serve defendants where, among other things, "[p]laintiff has provided no proof of his lack of ability or resources"

4

to serve the summons and complaint); Weidman, 2015 WL 1097385, at *5 (denying motion for service of process where, among other things, the pro se plaintiff failed to show "that she cannot retain a private process server or other person to serve process").

## **CONCLUSION**

For the foregoing reasons, the Court DENIES Mr. Brown's Motion for Service of Process (ECF No. 7). The Court further ORDERS Mr. Brown to effectuate service of the summonses and amended complaint on Defendants Governor Herbert, Lieutenant Governor Cox, the Utah Republican Party, Rob Anderson, and the State of Utah, if he is indeed naming the State of Utah as a Defendant, in compliance with Federal Rule of Civil Procedure 4, and file proof of such service with the Court by **March 30, 2018**. If Mr. Brown fails to properly serve the Defendants in compliance with Federal Rule of Civil Procedure 4, and file proof of such service by March 30, 2018, the Court will recommend that this case be dismissed for failure to serve and/or failure to prosecute

DATED this 28th day of February, 2018.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge